**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION**

BOBBY ROSS,

  Plaintiff,

v.                                                                  CASE NO.:  1:21-cv-3004

TRANS UNION, LLC and FIFTH                 **JURY TRIAL DEMANDED**
THIRD BANK, N.A.,

  Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BOBBY ROSS (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, TRANS UNION, LLC (hereinafter "Trans Union"), and FIFTH THIRD BANK, N.A. (hereinafter "Fifth Third") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2.      Today in America there are three major consumer reporting agencies: Equifax, Trans Union, and Experian.

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply

parrot information they receive from entities like Fifth Third, particularly where a consumer makes a dispute about information reported.

4.      When a consumer, like Plaintiff, disputes information through the agencies, those disputes are transmitted to the party furnishing the information, here Fifth Third. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

6.      The jurisdiction for this Court is conferred by 15 U.S.C. § 1681 (p) and 28 U.S.C. 1367.

7.      Venue is proper in this District as Defendant, Trans Union, transacts business within this District.

8.      The Plaintiff is a natural person and resident of Wayne County, within the State of Mississippi. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9.      Trans Union is a credit reporting agency headquartered in the State of Illinois and authorized to conduct business through their registered agent, Prentice Hall Corporation located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

10.      Trans Union is a "consumer reporting agency," as defined in 15 USC § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

12.     Fifth Third is a national association headquartered in Cincinnati, Ohio with its principal place of business located at 38 Fountain Square Plaza, Cincinnati, Ohio 45263.

13.     Fifth Third is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

14.     Fifth Third is a corporation attempting to collect an alleged obligation which arises out of personal, family or household transactions.

15.     Fifth Third is a corporation that was attempting to collect an alleged consumer debt from Plaintiff.

## FACTUAL ALLEGATIONS

16.     Plaintiff is a natural person who is alleged to owe a debt to Fifth Third.

17.     In or about August of 2019, Plaintiff attempted to obtain a vehicle loan for a pickup truck with Legacy Buick. However, Plaintiff was denied due a low credit score based on the Defendant's inaccurate reporting.

18.     At that time, Plaintiff reviewed his credit score and found his credit score had decreased significantly.  Plaintiff's credit reports included an account from Defendant, Fifth Third Bank that belonged to his brother.  It was not Plaintiff's account.  The account was derogative and reflected a "charged off" amount of $13,889.

19.     In or about late 2019, Plaintiff called the Fifth Third, Equifax, Experian and TransUnion regarding an incorrect account on his credit. Plaintiff disputed the Fifth Third Bank with all three CRAs. Plaintiff also continued to communicate and to dispute with Fifth Third

Bank. Fifth Third indicated they would investigate into this matter and get back to him. Plaintiff never received any follow up call or communication from Fifth Third.

20.     On October 21, 2019, Fifth Third responded to an ACDV received from Equifax regarding Plaintiff's dispute. Fifth Third verified the account as belonging to Plaintiff despite including his brothers' name, Robert Ross. Due to Fifth Third verifying an account under his brother's name, the erroneous account continued to report in Plaintiff's credit reports for all three CRAs.

21.     In or about February of 2020, Plaintiff reviewed copies of his credit reports. On his TransUnion credit report, Plaintiff noticed the account with Fifth Third reporting as delinquent and also as "charged off" for $13,889. Plaintiff reviewed the auto loan account number 88608****, opened June 18, 2018 for $40,889 and quickly realized this account was not his, rather it was his brothers, Robert Ross. Plaintiff's brother, Robert Ross, has also tried to assist Plaintiff and called Fifth Third to get it corrected to no avail. The reporting of this account drastically damaged Plaintiff's credit.

22.     On February 12, 2020, Fifth Third mailed a letter to Plaintiff thanking him to contacting them regarding the information on his credit report. However, they stated, "Upon receiving your inquiry, we conducted an investigation and the results were inconclusive. As a result, we are unable to update the credit reporting."

23.     In or about April of 2020, Plaintiff submitted detailed disputes to all three credit reporting agencies in an attempt to have them investigate and resolve the inaccuracies on his credit reports.

24.     In Plaintiff's detailed dispute letter to Trans Union, he explained that they were reporting an incorrect addresses, his brother's Fifth Third account, his brother's telephone

number and also his brother's employer. This dispute was sent through certified mail (no.: 7019 1120 0002 1412 9853) to TransUnion on April 7, 2020.

25. Each of these disputes clearly contained Plaintiff's Social Security number, Mississippi Driver's License number, phone number, address, and date of birth within the body of the dispute letter.

26. Trans Union failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about his detailed dispute letter.

27. Although Trans Union failed to respond to Plaintiff's dispute, Fifth Third responded to Equifax's ACDV on April 29, 2020, again verifying the erroneous account disputed by Plaintiff displaying his brothers' name.

28. At this point, Plaintiff began feeling very helpless, but attempted again to correct this error on his credit report. Plaintiff sent a second dispute letter to all three CRAs in or about August of 2020.

29. In Plaintiff's dispute to Trans Union, he explained that they were reporting incorrect addresses, his brother's Fifth Third account, his brother's telephone number and also his brother's employer. This dispute was sent through certified mail (no.: 7003 3110 0000 9996 8482) to Trans Union on August 3, 2020 delivered on August 8, 2020.

30. Each of these disputes clearly contained Plaintiff's Social Security number, Mississippi Driver's License number, phone number, address, and date of birth within the body of the dispute letter.

31.     Fifth Third responded to the fourth ACDV from Equifax on August 11, 2020 regarding the disputed account and again, with the Robert Ross's name appearing, "updated the account" for Plaintiff.

32.     On or about August 18, 2020, TransUnion responded to Plaintiff's dispute (401821785-035) and didn't discuss any of Plaintiff's dispute except the account with Fifth Third. TransUnion incorrectly "verified as accurate" the Fifth Third account.

33.     To date, Trans Union has failed to report the proper information on Plaintiff's credit report despite having been given ample notice of their error.

34.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i.     Stress associated with denials;

   ii.    Delay in applying for personal loans for appliances and auto loans due to fear of further denials from Plaintiff's lowered credit score;

   iii.   Monies lost by attempting to fix his credit;

   iv.    Loss of time attempting to cure the error;

   v.     Mental anguish, stress, aggravation, and other related impairments to the enjoyment of life.

35.     All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION

### COUNT I
**(Violation of 15 U.S.C. § 1681e(b) - As to Defendant, Trans Union, LLC)**

36.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully set out herein.

37.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.  Plaintiff and his brother have similar names, live at near by addresses but have completely different dates of births.  Trans Union failed to have policies and procedures to identify and prevent siblings with similar names from being mixed together.

38.     As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by stress associated with credit denials and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit reduction.

39.     Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if TransUnion was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

40.     The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TRANS UNION, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of 15 U.S.C. § 1681i - As to Defendant, Trans Union, LLC)

41.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully set out herein.

42.      Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

43.      Trans Union's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Trans Union was negligent, Plaintiff is entitled to recover under 15 USC § 1681o. Trans Union took no independent action to investigate the dispute.

44.      Trans Union chose to ignore this information and simply parroted the information provided by Fifth Third.

45.      Trans Union failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about his detailed dispute letter.

46.      The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE** the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, TRANS UNION, LLC, jointly and severally; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
### (Violation of 15 U.S.C. § 1681s-2(b) - As to Defendant, Fifth Third Bank, N.A.)

47.      Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully set out herein.

48.     Fifth Third published erroneous representations to Experian, Equifax and Trans Union and, through Experian, Equifax and Trans Union to all of Plaintiff's potential lenders on multiple occasions.

49.     Fifth Third violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of Fifth Third's representation; by failing to review all relevant information regarding same; by failing to accurately respond to Experian, Equifax, and Trans Union; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Fifth Third representations to the consumer reporting agencies.

50.     Fifth Third violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian, Equifax, and Trans Union after Fifth Third had been notified that the information was inaccurate. Plaintiff communicated with repeatedly with Fifth Third bank disputing this debt and Fifth Third told Plaintiff the investigation results were inconclusive and continued to report to the CRAs.

51.     Fifth Third did not have any reasonable basis to believe that the Plaintiff was in fact the debtor. It also had substantial evidence from multiple independent parties to have verified that the Plaintiff was not the debtor in question, rather, his brother, Robert Ross, was. Fifth Third knowingly chose to follow procedures which did not review, confirm, verify payment history, or account details for the debt in question. Further, even if Fifth Third would attempt to plead ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party. Plaintiff repeatedly communicated with Fifth Third and provided detailed information demonstrating he did not owe this debt.

52.     Fifth Third's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, if Fifth Third was negligent, Plaintiff is entitled to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, FIFTH THIRD BANK, N.A., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

DATED: June 4, 2021                    RESPECTFULLY SUBMITTED,


By: /s/ Taylor L. Kosla
    Taylor L. Kosla
    IL SBN: 6327180
    Agruss Law Firm, LLC
    4809 N. Ravenswood Ave., Suite 419
    Chicago, IL 60640
    Tel: 312-224-4695
    Fax: 312-253-4451
    taylor@agrusslawfirm.com
    Attorney for Plaintiff